# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

Susan Reaves,

        Plaintiff,

v.                                                                     Case No. 18-2485-JWL

State Farm Mutual Automobile Insurance
Company,

        Defendants.

## MEMORANDUM & ORDER

Plaintiff filed a state court petition seeking benefits from her insurer. Defendant timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In its removal papers, defendant contends that the case involves a controversy between citizens of different states and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1) (a federal court has diversity jurisdiction in suits between citizens of different states where the amount in controversy exceeds $75,000). This matter is presently before the court on plaintiff's motion to remand (doc. 12). As set forth in more detail below, the motion is denied.

Plaintiff does not dispute that the parties are diverse in citizenship. In her motion to remand, plaintiff contends that remand is required because the amount in controversy is $75,000, not an amount in excess of $75,000. Plaintiff's state court petition, however, includes an allegation in paragraph 9 that plaintiff has sustained damages "in excess of $75,000.00." Moreover, plaintiff's state court petition includes a claim for statutory attorney fees under K.S.A. § 40-908. As previously recognized by this court, the rule in this Circuit is that a claim for

statutory attorney fees should be included in determining the amount in controversy for purposes of diversity jurisdiction. *See In re Syngenta AG Mir 162 Corn Litig.*, 2016 WL 5481997, at *5 (D. Kan. Sept. 29, 2016) (Lungstrum, J.) (citing *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218) (10th Cir. 2003)). Therefore, even if plaintiff intended to limit her claim for damages to $75,000, the amount in controversy would nevertheless exceed that amount. Defendant has satisfied its burden of establishing federal jurisdiction. The motion to remand is denied.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to remand (doc. 12) is **denied.**

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2018, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge

---

[1] The court notes that plaintiff has not filed a reply to defendant's response to the motion to remand.